UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENE GATO,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:25-cv-00639-ART-CLB<br><br>ORDER |

　　This is a habeas corpus action brought *pro se* under 28 U.S.C. § 2254 by Rene Gato, an individual incarcerated at Nevada's Lovelock Correctional Center. Gato is serving sentences amounting to life in prison without possibility of parole on convictions of burglary, first-degree murder with use of a deadly weapon, and robbery with use of a deadly weapon. (*See* ECF No. 42 in Case No. 2:10-cv-01748-KJD-RJJ.)

　　Gato filed an application to proceed *in forma pauperis* (ECF No. 4), and the Nevada Department of Corrections filed financial certificates showing the status of Gato's prison trust accounts (ECF No. 7). But then, on December 1, 2025, Gato paid the filing fee (ECF No. 8). Therefore, the *in forma pauperis* application will be denied as moot.

　　The Court has examined Gato's habeas petition, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This action must be dismissed, as it is successive, and Gato has not obtained from the court of appeals the permission required to file such a successive petition.

　　The Court takes judicial notice of the proceedings in Gato's two prior habeas actions in this Court, in both of which he challenged the same conviction that he challenges in this case: Case No. 2:10-cv-01748-JKD-RJJ and Case No. 3:24-cv-00236-MMD-CSD.

1    Case No. 2:10-cv-01748-KJD-RJJ, initiated on October 8, 2010, was Gato's first federal habeas petition in this Court. In an order entered on September 9, 2011, United States District Judge Kent J. Dawson granted the respondents' motion to dismiss and dismissed the action on statute of limitations grounds, and Judge Dawson denied Gato a certificate of appealability. (ECF No. 42 in Case No. 2:10-cv-01748-JKD-RJJ.) The Ninth Circuit Court of Appeals, in turn, denied Gato a certificate of appealability on February 17, 2012. (ECF No. 50 in Case No. 2:10-cv-01748-JKD-RJJ.)

About twelve years later, on June 10, 2024, Gato initiated Case No. 3:24-cv-00236-MMD-CSD. United States District Judge Miranda M. Du dismissed that action in an order entered on July 22, 2024. (ECF No. 7 in Case No. 3:24-cv-00236-MMD-CSD.) Judge Du determined that the petition was successive and that Gato had not obtained authorization from the court of appeals to file such a successive petition. (*Id.*) Judge Du denied Gato a certificate of appealability (*id.*), and the Court of Appeals subsequently did as well. (ECF No. 11 in Case No. 3:24-cv-00236-MMD-CSD.)

A successive habeas petition may not be filed in this Court unless the petitioner has obtained authorization from the Ninth Circuit Court of Appeals to do so. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The district court does not have jurisdiction to entertain a successive petition absent such authorization. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).

The Court determines that this habeas action—Gato's third in this Court—is also successive, and that Gato has not obtained authorization from the court of appeals to file it. The Court is therefore without jurisdiction to adjudicate Gato's petition. This action will be dismissed.

1  It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 4) is denied as moot.

It is further ordered that the Clerk of the Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered that this this action is dismissed without prejudice.

It is further ordered that, as reasonable jurists would not find this order to be debatable, Petitioner is denied a certificate of appealability.

It is further ordered that Petitioner's Motion for an Evidentiary Hearing (ECF No. 6) and Motion for Appointment of Counsel (ECF No. 9) are denied as moot.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly and close this case.

It is further ordered that the Clerk of Court is directed to (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents, (2) provide the Nevada Attorney General with copies of the Amended Petition (ECF No. 4), this Order, and all other filings in this matter by regenerating the notices of electronic filing. Respondents will not be required to appear or respond to the habeas petition in this case.

DATED THIS 8th day of December, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE